### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

**STEVEN ISBEL #01859521,**
       **Plaintiff,**

**V.**                                                    Case No.  A-22-CV-382-RP

**JOHN SCOTT, Secretary of State of Texas,**
**et al.,**
       **Defendants.**

_____

## ORDER

Before the Court is Plaintiff Steven Isbel's civil-rights complaint. The Court granted Plaintiff leave to proceed in forma pauperis. After consideration of the complaint, it is dismissed.

Plaintiff sues John Scott, Secretary of State of Texas; Governor Greg Abbot; Dan Patrick, President of the Texas Senate; Representative Dennis Bonnen, Speaker of the House of Texas; and Sharon Keller, Mary Lou Keel, Bert Richardson, Kevin Yeary, Scott Walker, Mike Keasler, Barbara Hervey, Michelle Slaughter, and David Newell, Judges of the Texas Court of Criminal Appeals. He requests the Court to return him to the direct appeal process in state court and allow him to present his claims of ineffective assistance of counsel on direct appeal with the assistance of counsel. Plaintiff contends his due process rights were violated by requiring him to raise his claims of ineffective assistance of counsel in a state application for habeas corpus relief without the assistance of counsel.

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972). However, the plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog

the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Plaintiff's complaint is construed as a petition seeking mandamus relief. "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Federal courts lack "the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, Dekalb County Sup. Ct.*, 474 F.2d 1275, 1275-76 (5th Cir. 1973).

The defendants named by Plaintiff are not officers or employees of the United States or any federal agency. Consequently, this Court is without power to order them to take particular action with regard to Plaintiff's direct appeal. As such, Plaintiff's claims against these defendants are frivolous. *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack power to mandamus state courts in the performance of their duties).

To the extent Plaintiff's complaint could be construed as a request for habeas corpus relief the Court is still without jurisdiction. Plaintiff already filed a federal petition for writ of habeas corpus in the Southern District of Texas. *See Isbel v. Davis*, No. H-16-CV-2836. The district court denied Plaintiff relief in an 86-page order on September 20, 2018. The Fifth Circuit Court of Appeals

denied Plaintiff a certificate of appealability, and the Supreme Court denied Plaintiff's petition for writ of certiorari. *See Isbel v. Davis*, No. 18-20665.

Title 28 U.S.C. § 2244(b) provides before a second or successive application for writ of habeas corpus is filed in the district court, an applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). Plaintiff does not allege the Fifth Circuit Court of Appeals has granted him authorization to file a successive petition.

Ordinarily, the Court would allow a pro se plaintiff to amend his complaint to correct the deficiencies described by the Court. However, in this case the Court is of the opinion Plaintiff has alleged his best case against these defendants and any future amendment would be futile.

It is therefore **ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** as frivolous or for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e).

It is further **ORDERED** that any and all pending motions are **DISMISSED AS MOOT**, and this case is **CLOSED**.

**SIGNED** on May 3, 2022.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE